UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————

SANTOS CARRERO SILVA,

                    Petitioner,                    16-cv-7609 (JGK)

         - against -                    MEMORANDUM OPINION
                                        AND ORDER

WILLIAM KEYSER,

                    Respondent.

————————————————————————————

JOHN G. KOELTL, District Judge:

        In 2013, after a jury trial in the New York State Supreme
Court, Bronx County, the petitioner, Santo Carrero Silva, was
convicted of murder in the second degree and criminal possession
of a weapon in the second degree. Silva directly appealed to the
Appellate Division, which affirmed his conviction. People v.
Silva, 22 N.Y.S.3d 834 (App. Div. 2016). Silva then sought leave
to appeal from the New York Court of Appeals, but the applica-
tion was denied. People v. Silva, 28 N.Y.3d 936 (2016). Next,
Silva sought collateral review of his conviction from this Court
pursuant to 28 U.S.C. § 2254, arguing, among other things, that
the prosecution presented improper argument during its closing
summation. This Court denied his petition for a writ of habeas
corpus on the grounds that (1) Silva had failed to exhaust his
state court remedies; (2) the Appellate Division's ruling rested
on an adequate and independent state ground; and (3) Silva's

due-process claim lacked merit. <u>Silva v. Keyser</u>, 271 F. Supp. 3d
527 (S.D.N.Y. 2017).

Silva, who is pro se, now moves pursuant to Federal Rule of
Civil Procedure 60(b) to vacate this Court's earlier denial of
his petition for a writ of habeas corpus.

### I.

### A.

In April 2010, a Bronx County grand jury returned an in-
dictment charging Silva with one count each of murder in the
second degree, manslaughter in the first degree, and possession
of ammunition; and two counts of criminal possession of a weapon
in the second degree. <u>Id.</u> at 535–36.

During its summation at trial, the prosecution argued that
Silva killed the decedent in part because Silva was frustrated
with his own living conditions. <u>Id.</u> at 536. Specifically, the
prosecution argued that Silva was motivated to kill because he
lived in a "hovel," and, to that end, the prosecution introduced
photographic evidence during the trial of the petitioner's liv-
ing conditions. <u>Id.</u>

The jury ultimately found Silva guilty of one count of sec-
ond-degree murder and one count of second-degree criminal
possession of a weapon. <u>Id.</u> The court sentenced Silva to a term
of imprisonment of twenty years to life for the second-degree

murder conviction and five years for the weapons charge, to run concurrently. Id.

Silva appealed his conviction to the Appellate Division, First Department, arguing, among other things, that the prosecution engaged in various forms of misconduct during summation, including by arguing a motive theory that had no evidentiary basis. Id. The Appellate Division affirmed Silva's conviction, rejecting his "challenges to the prosecutor's summation" as unpreserved and holding in the alternative that "any improprieties in the summation did not rise to the level of reversible error." Silva, 22 N.Y.S.3d at 834. Silva applied for leave to appeal from the New York Court of Appeals, but his application was denied. Silva, 28 N.Y.3d at 936.

**B.**

Following his direct appeal, Silva petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Silva raised in his petition the same claims he brought in his direct appeal. This Court denied Silva's petition and rejected his challenge to the prosecution's summation on three grounds.

First, Silva's argument was unexhausted because he had not presented it to the Appellate Division in federal constitutional terms, nor did he raise the argument in his application for leave to appeal to the Court of Appeals. Silva, 271 F. Supp. 3d at 542, 545.

Second, Silva's challenge was procedurally barred by an adequate and independent state-law ground. Specifically, he had failed to object contemporaneously during the prosecution's summation, and the Appellate Division therefore rejected his argument as unpreserved. Id. at 543 (noting that "New York's contemporaneous objection rule, on which the Appellate Division relied, is a firmly established, independent, and adequate state ground that bars habeas review of the merits of a constitutional claim").

Third, Silva's challenge to the summation was without merit because "it [wa]s clear that the petitioner 'would have been convicted even without' the challenged remarks." Id. at 544 (quoting United States v. Elias, 285 F.3d 183, 192 (2d Cir. 2002)). Silva moved for a certificate of appealability from the Court of Appeals for the Second Circuit, which denied his motion and dismissed his appeal. Silva v. Keyser, No. 17-cv-3324, 2018 WL 1831778, at *1 (2d Cir. Mar. 26, 2018).

Silva now moves pursuant to Rule 60(b) to vacate this Court's earlier denial of his habeas petition.

## II.

Federal Rule of Civil Procedure 60(b) provides "for relief from a final judgment, order, or proceeding." Davis v. New York, No. 07-cv-9265, 2017 WL 5157458, at *2 (S.D.N.Y. Nov. 6, 2017). Subdivision (b)(6) is a "catchall category," which "permits a

4

court to reopen a judgment for any other reason that justifies relief." Buck v. Davis, 580 U.S. 100, 123 (2017). "Relief is available under subdivision (b)(6), however, only in extraordinary circumstances." Id. at 112.

Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding. Gonzalez v. Crosby, 545 U.S. 524, 534 (2005) ("Rule 60(b) has an unquestionably valid role to play in habeas cases."). However, "a Rule 60(b) motion has a different objective than a habeas petition." Carbone v. Cunningham, 857 F. Supp. 2d 486, 488 (S.D.N.Y. 2012). A Rule 60(b) motion challenges "the integrity of the federal habeas proceedings." Gonzalez, 545 U.S. at 532. Typical grounds for a Rule 60(b) motion attacking a district court's denial of a habeas petition include that the "court erroneously avoided deciding the merits of a claim for reasons such as failure to exhaust, procedural default, or statute-of-limitations bar." Robles v. Lempke, No. 09-cv-2636, 2018 WL 1320657, at *4 (E.D.N.Y. Mar. 14, 2018). By contrast, "a motion that attacks the underlying conviction" is properly characterized as a second or successive habeas petition. Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004). For example, a motion that "contend[s] that a subsequent change in substantive law is a reason justifying relief" under Rule 60(b)(6) "is in substance a successive habeas petition and should be treated accordingly." Gonzalez, 545 U.S. at 531.

This distinction is crucial because "[u]nder the Antiter-
rorism and Effective Death Penalty Act ('AEDPA'), successive
federal habeas petitions requesting relief from a conviction in
state court must satisfy strict requirements before a district
court can adjudicate them on the merits." Hamilton v. Lee, 188
F. Supp. 3d 221, 239 (E.D.N.Y. 2016) (citing 28 U.S.C.
§ 2244(b)). "Specifically, before a district court may even en-
tertain a successive habeas petition, the Second Circuit must
certify that the petition (1) does not raise a 'claim that has
already been adjudicated in a previous petition' and (2) ...
'relies on either a new and retroactive rule of constitutional
law or new facts showing a high probability of actual inno-
cence.'" Robles, 2018 WL 1320657, at *4 (quoting Gonzalez, 545
U.S. at 529-30). Absent authorization from the Court of Appeals,
district courts lack jurisdiction to consider the merits of a
successive habeas petition. Torres v. Senkowski, 316 F.3d 147,
151-52 (2d Cir. 2003) ("A district court must dismiss a second
or successive petition, without awaiting any response from the
government, unless the court of appeals has given approval for
its filing.").

### III.

### A.

In his purported Rule 60(b)(6) motion, Silva does not iden-
tify any defect in the integrity of his prior federal habeas

proceeding. Silva instead argues that the Supreme Court's inter-vening decision in Andrew v. White, 604 U.S. 86 (2025), unsettled this Court's prior denial of his habeas petition. According to Silva, Andrew makes clear that the prosecution's summation violated the Due Process Clause of the Fourteenth Amendment because the summation exposed the jury to prejudicial information about his alleged motive and living conditions, rendering the trial fundamentally unfair.

This argument, though styled as a Rule 60(b) motion, plainly constitutes a second or successive habeas petition. Silva explicitly argues that Andrew "call[s] into question the correctness of [his] case" because it "introduces new law that the Courts have to follow." Pet'r's Mem. Supp. Rule 60(b)(6) Mot. 8, 9, ECF No. 18.

But a "Rule 60(b) motion based on a purported change in the substantive law governing the claim" must be treated as a successive habeas petition, otherwise Rule 60(b) "could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Gonzalez, 545 U.S. at 531-32; see also Rodriguez v. United States, No. 09-cv-2063, 2018 WL 4091069, at *5 (S.D.N.Y. Aug. 28, 2018) ("It is evident, therefore, that [the movant] seeks relief based on

recent decisional law issued by the Supreme Court and other courts rather than on the basis of errors that had affected the integrity of his prior habeas proceedings.").

Moreover, Silva never explains how Andrew affects the soundness of this Court's prior denial of his first habeas petition. In Andrew, both the district court and the Court of Appeals for the Tenth Circuit declined to consider the merits of a habeas petitioner's due-process objection to her conviction because she had failed to cite "clearly established federal law governing her claim," as required by AEDPA. 604 U.S. at 91. The Supreme Court vacated the judgment and remanded to the Court of Appeals. The Supreme Court explained that its earlier decision in Payne v. Tenneessee, 501 U.S. 808 (1991), which held that prosecutorial misconduct at trial can constitute a denial of due process, was clearly established law for purposes of AEDPA. Andrew, 604 U.S. at 93.

Unlike the district court in Andrew, this Court considered the merits of Silva's due-process objection. The Court noted that "a prosecutor's comments in summation" can amount "to a constitutional violation" if the petitioner shows "that the remarks 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Silva, 271 F. Supp. 3d at 544 (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1973)). Silva's due-process claim failed on the merits

8

because "the alleged misconduct ... did not result in substan-
tial prejudice to the petitioner." Id. at 544. Therefore, there
is nothing in Andrew that suggests this Court's original deci-
sion denying his petition for habeas corpus was erroneous.

**B.**

When confronted with a successive habeas petition styled as
a Rule 60(b) motion, a district court has two options. First, it
"may treat the Rule 60(b) motion as a second or successive ha-
beas petition, in which case it should be transferred to" the
Court of Appeals "for possible certification." Harris, 367 F.3d
at 82. Second, the district court "may simply deny the portion
of the motion attacking the underlying conviction as beyond the
scope of Rule 60(b)." Id. "In deciding between these two op-
tions," the Court of Appeals has "cautioned district courts to
be careful not to" transfer a Rule 60(b) motion that is properly
characterized as a successive collateral attack to the Court of
Appeals "until the prisoner has been informed of the district
court's intent to transfer and afforded a sufficient opportunity
to avoid the transfer by withdrawing ... the portion of his
60(b) motion that ... presents new challenges to the underlying
conviction." Id. "[P]remature treatment of the converted portion
of the 60(b) motion as a second collateral attack risks subject-
ing the prisoner not only to summary denial of that challenge
but also to summary denial of any subsequent (i.e., third)

challenge as an abuse of the writ." <u>Gitten v. United States</u>, 311 F.3d 529, 533 (2d Cir. 2002).

Because Silva's Rule 60(b) motion is properly characterized as a successive habeas petition, it may either be transferred to the Court of Appeals for potential certification or denied as "beyond the scope of Rule 60(b)." <u>Id.</u> In this case, the Court will deny Silva's motion as beyond Rule 60(b)'s scope. <u>Rodri-guez</u>, 2018 WL 4091069, at *5; <u>see also</u> <u>Davis</u>, 2017 WL 5157458, at *3. For the reasons explained above, Silva's motion is not a proper Rule 60(b) motion and is, in any event, without merit.

**IV.**

The Court has considered all the arguments raised by the parties. If any argument was not specifically addressed above, it is either moot or without merit. For the foregoing reasons, the petitioner's motion is **denied.**

The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253 because the petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore **in forma pauperis** status is denied for the

purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

    The Clerk is directed to close all pending motions.

**SO ORDERED.**

Dated:    New York, New York
             November 19, 2025

                               John G. Koeltl
                         United States District Judge